UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT, WISCONSIN

---

CAROL J. FORD
2915 Camp Leonard Road
McFarland, Wisconsin 53558,

    Plaintiff,

vs.                                                                 Case No. 3:23-CV-684

UNITED STATES POSTAL SERVICE
Louis DeJoy, United States Postmaster General
475 L'Enfant Plaza SW
Washington, DC 20260,

and

WISCONSIN PHYSICIANS SERVICE INSURANCE
CORPORATION
1717 West Broadway Street
Madison, Wisconsin 53713,

    Defendants.

---

## COMPLAINT
---

NOW COMES Plaintiff, Carol J. Ford, by her attorneys, Kasieta Legal Group, LLC, by Robert J. Kasieta, and Anne MacArthur Law, LLC, for her Complaint against the Defendant, allege as follows:

### INTRODUCTION

1. Plaintiff Carol J. Ford ("Mrs. Ford") is an adult citizen of the State of Wisconsin. She resides at 2915 Camp Leonard Road, McFarland, Wisconsin 53558, located in the jurisdiction of United States District for the Western District of Wisconsin.

1

2. Defendant United States Postal Service, by Louis DeJoy, United States Postmaster General, in his official capacity only, "is established under the provisions of the Postal Reorganization Act (the Reorganization Act) of 1970, Public Law 91-375, 84 Stat. 719, as amended by the Postal Accountability and Enhancement Act of 2006 (PAEA), Public Law 109-435, 120 Stat. 3198, as an independent establishment of the executive branch of the Government of the United States, under the direction of a Board of Governors, with the Postmaster General as its chief executive officer." 39 C.F.R. § 1.1.

3. Mrs. Ford brings this complaint against the United States Postal Service pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for injuries she sustained in a pedestrian accident on December 14, 2020, on or near her home, involving a United States Postal employee's negligence in the operation of a United States Postal vehicle while within the scope of employment. ("FTCA" or "the Act").

4. Mrs. Ford timely presented her claim to the United States Postal Service within two (2) years of the occurrence.

5. The United States Postal Service took no further action on the claim by accepting or denying liability and the claim has remained pending for in excess of six (6) months. 28 U.S.C. § 2875(a).

6. This Court has jurisdiction over this action because Mrs. Ford has exhausted her administrative remedies.

7. At all times material, the United States Postal Service employee was negligent in the operation of her vehicle and that negligence is imputed to the United States Postal Service under the Act.

8. Subrogated Defendant Wisconsin Physicians Service Insurance Corporation ("WPS") is a domestic insurance company licensed doing business in Wisconsin, and is engaged in the business of, among other things, issuing policies of health insurance. WPS's principal place of business is 1717 West Broadway Street, Madison, Wisconsin 53713, and its registered agent for service within the State of Wisconsin is Frank Gumina at 1765 West Broadway Street, Madison, Wisconsin 53713. Prior to December 14, 2020, WPS issued a policy of health insurance to Mrs. Ford, which paid medical benefits on her behalf for her accident-related injury and is joined in this action as necessary parties.

## JURISDICTION AND VENUE

9. The claims herein allege a violation of the Act against the United States Postal Service for the negligence of one of its employees while performing services as a postal carrier.

10. This Court has subject matter jurisdiction over these claims by reason of 28 U.S.C. § 1343 and 28 U.S.C. § 1402(b).

11. This court has venue over this action because all events giving rise to this lawsuit occurred within the judicial district for the United States District Court for the Western District of Wisconsin.

## ALLEGATIONS

12. On December 14, 2020, Mrs. Ford was collecting mail from her mailbox.

13. The postal carrier placed Mrs. Ford's mail in her mailbox while Mrs. Ford waited to collect her mail.

14. After delivering Mrs. Ford's mail, the postal carrier proceeded to drive her delivery vehicle to the next mailbox.

15. Mrs. Ford remained near her mailbox, collecting her mail.

16. Mrs. Ford heard a beeping sound.

17. Before Mrs. Ford could react, the postal worker backed her delivery vehicle into Mrs. Ford, colliding with her.

18. The force of this collision pushed Mrs. Ford to the ground.

19. Mrs. Ford yelled to the delivery driver that she had been hit.

20. The delivery driver drove forward, away from Mrs. Ford.

21. After the driver stopped, she indicated she was unaware that she had hit Mrs. Ford.

22. Upon information and belief, U. S. Postal Employees are not to operate vehicles in reverse when delivering mail.

23. Upon information and belief, the postal employee operating the vehicle at the time of the occurrence faced disciplinary proceedings as a result of this event where Mrs. Ford was requested to give testimony.

24. The collision caused Mrs. Ford injuries, including a fractured left hand and right shoulder injury.

25. Mrs. Ford bears no responsibility for causing these injuries, since she was lawfully standing next to her mailbox collecting her mail, when she was struck by the postal delivery vehicle.

26. The postal employee who struck Mrs. Ford with her vehicle is entirely at fault for causing these injuries to Mrs. Ford by failing to exercise ordinary care and not keeping a careful lookout.

27. Backing a vehicle is governed by Wis. Stat. §347.87, a safety statute, which provides as follows: **"Backing.** The operator of a vehicle shall not back the same unless such movement can be made with reasonable safety."

28. The violation of a safety statute constitutes negligence *per se*.

29. The negligence of the USPS employee directly caused Mrs. Ford damages in the form of personal injuries requiring two surgical interventions and extensive physical therapy, pain and suffering with residual loss of motion, medical bills, and mental and emotional trauma.

30. Mrs. Ford is not expected to require future medical expenses as she was released from all accident-related treatment in December 2022, with no future care in the meantime and none predicted by her treating physician.

## FIRST CLAIM FOR RELIEF: NEGLIGENCE

31. Plaintiff realleges the other allegations of this Complaint as if fully set forth here.

32. Wisconsin law imposes a duty of reasonable care on drivers to protect pedestrians and other persons who are present on the road, while operating a postal delivery vehicle.

33. The acts and omissions alleged constitute breaches of that duty of care with respect to Mrs. Ford by a federal employee acting in the scope of her office or employment.

34. The postal employee who struck Mrs. Ford breached the duty of reasonable care by, among other things, failing to keep a proper lookout, failing to look behind her vehicle while reversing, failing to use her mirrors to confirm that it was safe to drive in reverse, and failing to notice Mrs. Ford standing behind her vehicle while she was driving in reverse.

35. This employee's breach of the duty of care was a direct and proximate cause, and a substantial factor in causing the subject collision and Mrs. Ford's injuries.

36. The actions or omissions by the federal employee described herein constitute the tort of negligence in the laws of the State of Wisconsin.

37. By the Act, Defendant United States Postal Service is liable for these actions or omissions.

## SECOND CLAIM FOR RELIEF: VIOLATION OF SAFETY STATUTE (NEGLIGENCE PER SE)

38. Plaintiff realleges the other allegations of this Complaint as if fully set forth here.

39. The United States Postal Service, by its employee acting within the scope of her employment, violated a safety statute, regulation, or standard by failing to operate the postal delivery vehicle with reasonable safety on December 14, 2020.

40. This violation constitutes negligence *per se* in the laws of the State of Wisconsin.

41. This violation caused injuries to Mrs. Ford, as further enumerated in preceding allegations of this Complaint.

42. By the Act, Defendant United States Postal Service is liable for these actions or omissions.

## PRAYER FOR RELIEF

43. Plaintiff therefore respectfully requests the following relief:

    a. Judgment against the United States Postal Service for compensatory damages for personal injuries, pain and suffering, medical bills, and mental and emotional trauma and distress suffered by Plaintiff, and;

    b. Judgment against the Defendant for such other and further relief as the Court deems proper, and;

      c. For determination of the subrogation interests, if any, of WPS.

Respectfully submitted,

Dated: October 4, 2023

*Electronically signed by Robert J. Kasieta*
ATTORNEYS FOR PLAINTIFF:
Robert J. Kasieta
KASIETA LEGAL GROUP, LLC
WI State Bar No. 1000107
559 D'Onofrio Drive, Suite 222
Madison, Wisconsin 53719
Phone: (608) 662-9999
Fax:    (608) 662-9977
rjkasieta@kasieta.com

*Electronically signed by Anne MacArthur*
Anne MacArthur
ANNE MACARTHUR LAW, LLC
Electronically signed by Anne MacArthur
WI State Bar No. 1018713
Ten East Doty Street, Suite 800
Madison, Wisconsin 53703
Phone: (608) 441-5109
Fax: (608) 441-5707
macarthur@annemacarthurlaw.com